**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff/Respondent,**

**v.**                                                          Case No. 03-20085-01-JWL
                                                                       05-3366-JWL
**Juan Suarez,**

      **Defendant/Petitioner.**

**MEMORANDUM & ORDER**

On July 17, 2003, Juan Suarez was charged in a three-count indictment with conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1), cocaine (Count 2) and marijuana (Count 3) in violation of 21 U.S.C. §§ 846 and 841(a)(1). On February 2, 2004, Mr. Suarez entered a plea of guilty to Count 1 of the indictment. In the plea agreement executed by Mr. Suarez, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255. On August 19, 2004, Mr. Suarez was sentenced to a 210-month term of imprisonment. The judgment of conviction was entered on August 23, 2004. Mr. Suarez appealed his sentence to the Tenth Circuit in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and the government then filed a motion to enforce the plea agreement. On May 10, 2005, the Circuit granted the government's motion to enforce the plea agreement and dismissed Mr. Suarez's appeal.

On September 16, 2005, Mr. Suarez filed a motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255 (doc. 221).  In his motion to vacate, Mr. Suarez asserts that his conviction violates the Ninth and Tenth Amendments; that he received ineffective assistance of counsel; and that his sentence is unconstitutional in light of the Supreme Court's decisions in *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005).  In response, the government seeks to enforce the waiver contained in Mr. Suarez's plea agreement (doc. 223).  As explained below, the government's motion to enforce is granted and Mr. Suarez's motion to vacate is dismissed.

The government opposes Mr. Suarez's motion on the grounds that he expressly waived his right to challenge his sentence through collateral attack in the plea agreement that he executed. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*Scope of the Waiver*

2

Mr. Suarez does not contend that the issues raised in his § 2255 petition fall outside the scope of his waiver of rights. Nonetheless, in an abundance of caution, the court briefly analyzes the scope of Mr. Suarez's waiver and readily concludes that he waived the right to file the § 2255 motion presently pending before the court. In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Suarez waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the issues raised in Mr. Suarez's § 2255 petition clearly fall

3

within the scope of his waiver.[1]

*Knowing and Voluntary*

Mr. Suarez asserts that his waiver was not knowing and voluntary because the plea agreement containing the waiver was written in English rather than in Spanish, Mr. Suarez's native language. According to Mr. Suarez, he felt "pressured" and "confused" by having to listen to an interpreter (who, according to Mr. Suarez, may have been making mistakes although he does not indicate that the interpreter, in fact, did so) and attempt to read a document that might as well have been "written in Greek." The court rejects this argument. A Spanish language interpreter assisted Mr. Suarez during the plea hearing and the record reflects that the plea agreement was translated into Spanish. Judge VanBebber, the judge who accepted Mr. Suarez's plea and ultimately sentenced Mr. Suarez, exhaustively inquired into whether he understood and accepted the terms of the agreement, including the waiver provision. Mr. Suarez affirmed that he did. In sum, the court does not doubt that Mr. Suarez entered the agreement knowingly, intelligently and voluntarily. *See United States v. Burgos-Cebreros*, 2002 WL 1980625, at *1 (10th Cir. Aug. 28, 2002) (holding that waiver of rights contained in plea agreement was knowing and voluntary despite the fact that defendant did not speak English fluently; interpreter assisted at plea hearing,

---

[1]Indeed, the Tenth Circuit has already held that the specific waiver executed by Mr. Suarez bars his *Blakely* and *Booker* challenges and the court may not revisit that issue. *See United States v. Monsisvais*, 946 F.2d 114, 118 (10th Cir. 1991) (where issue of law had been decided by the Circuit, district court was not permitted to consider additional evidence on the issue; the law of the case doctrine is intended to avoid having the district court substitute its opinion for that of the Circuit).

4

agreement was translated into Spanish and district judge inquired into whether defendant understood the waiver); *see also United States v. Alvarado*, 1991 WL 166397, at \*1 (10th Cir. Aug. 30, 1991) (proceedings involving an interpreter are "entitled to a presumption of regularity which cannot be overcome" by unsupported allegations).

*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. According to Mr. Suarez, he received ineffective assistance of counsel in connection with the negotiation of the plea agreement. The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 687, 688, 694.

Mr. Suarez asserts that his counsel was ineffective because his counsel advised him that he and the prosecutor "agreed" on a 60-month sentence if Mr. Suarez entered a plea of guilty and further advised him that it was "in his best interests to take the 60 months." According to Mr.

5

Suarez, then, he entered a plea of guilty only because he believed he would receive a sentence of 60 months. This argument is rejected and Mr. Suarez cannot rely on any breach of an alleged promise. The plea agreement does not contain any promise of a 60-month sentence. In his plea petition, Mr. Suarez swore that "no one has promised, suggested or predicted" that he would receive a lighter sentence if he entered a guilty plea. Moreover, prior to accepting Mr. Suarez's guilty plea, Judge VanBebber asked Mr. Suarez whether anyone had made any promises to him other than those contained in the plea agreement itself. Mr. Suarez responded under oath that no other promises had been made. Judge VanBebber also asked Mr. Suarez during the plea hearing whether he understood that he, the judge, "could impose a sentence that is more severe than you may anticipate under the plea agreement." Mr. Suarez answered this question in the affirmative. Finally, Judge VanBebber asked Mr. Suarez whether he understood that the applicable guideline range could not be determined until after the presentence investigation and that Mr. Suarez's sentence "could be different from any estimate that [his] attorney may have given [him]." Again, Mr. Suarez responded in the affirmative.

As the Supreme Court has stated, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Bush v. Neet*, 400 F.3d 849, 852 (10th Cir. 2005) (rejecting petitioner's claim that guilty plea was invalid because his counsel promised that he would be eligible for mandatory parole after serving half his sentence; plea agreement contained no such promise and petitioner

6

affirmed in open court that he had not received promises other than those set forth in the agreement) (quoting *Blackledge*, 431 U.S. at 74). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. In fact, a petitioner's contention that statements made at the plea hearing were untruthful "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." *Id.* at 80 n.19; *accord Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (noting that the Tenth Circuit "has interpreted *Blackledge* to permit summary disposition of habeas corpus petitions based on claims of unkept promises and misunderstanding when the court record refutes the claims").

Having closely reviewed the entire record, the court finds nothing to cast doubt on the truth of Mr. Suarez's declarations at the plea hearing and in his plea petition. Judge VanBebber's Rule 11 colloquy with Mr. Suarez was detailed, as was the plea petition signed by Mr. Suarez. Mr. Suarez's claim, which is squarely contradicted by the record, is not supported by any evidence sufficient to require a hearing. Mr. Suarez's allegations concerning the alleged agreement to a 60-month sentence are not made under penalty of perjury or otherwise sworn. In fact, in all likelihood, Mr. Suarez's papers were not drafted by Mr. Suarez. In that regard, Mr. Suarez's papers are written in plain and highly articulate English. Given Mr. Suarez's claim that he does not speak or understand English at a level sufficient to enter a knowing and voluntary plea, it seems quite clear that Mr. Suarez's papers were drafted by a fellow inmate and, thus, the court questions the reliability and accuracy of the allegations contained therein. *See Clark v. Tansy*, 13 F.3d 1407, 1410 (10th Cir. 1993) (stating that "jailhouse lawyers" are "notoriously unreliable").

For the foregoing reasons, the court concludes that Mr. Suarez is not entitled to an evidentiary hearing on his claim that he received ineffective assistance of counsel in the plea negotiation process. *See Cunningham v. Diesslin*, 92 F.3d 1054, 1062 (10th Cir. 1996) (no evidentiary hearing required on petitioner's claim that his counsel promised him that mandatory parole would apply to his sentence in light of evidence from record at plea hearing and absence of any of the *Blackledge* factors which question the truth of the petitioner's declarations); *Lasiter*, 89 F.3d at 703 (no evidentiary hearing required on claims of unkept promises; petitioner was bound by his "solemn declarations in open court" and his unsubstantiated efforts to refute the record were not sufficient to require a hearing); *United States v. Gamble*, 917 F.2d 1280, 1282 (10th Cir. 1990) (no evidentiary hearing required on petitioner's claim that he was promised a sentence of no more than 4 years; transcript of plea hearing and text of plea agreement completely negated claims and petitioner cannot vary the plea agreement by self-serving parol evidence); *Laycock v. State of New Mexico*, 880 F.2d 1184, 1186-87 (10th Cir. 1989) (no evidentiary hearing required on petitioner's claim that he was promised a suspended sentence if he entered a plea of guilty; alleged promise was not mentioned at the plea hearing or in the plea agreement and petitioner replied "no" when judge asked whether any other promises had been made).

Having concluded that enforcing the waiver contained in Mr. Suarez's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Suarez's petition for relief under 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Suarez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 221) is dismissed and the government's motion to enforce the plea agreement (doc. 223) is granted.

**IT IS SO ORDERED** this 23rd day of December, 2005.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge