**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff/Respondent,**

**v.** **Case No. 03-20085-01-JWL**
**05-3366-JWL**

**Juan Suarez,**

**Defendant/Petitioner.**

**MEMORANDUM & ORDER**

On July 17, 2003, Juan Suarez was charged in a three-count indictment with conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1), cocaine (Count 2) and marijuana (Count 3) in violation of 21 U.S.C. §§ 846 and 841(a)(1). In February 2004, Mr. Suarez entered a plea of guilty to Count 1 of the indictment. In the plea agreement executed by Mr. Suarez, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255. In August 2004, Mr. Suarez was sentenced to a 210-month term of imprisonment. Mr. Suarez appealed his sentence to the Tenth Circuit in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and the government then filed a motion to enforce the plea agreement. In May 2005, the Circuit granted the government's motion to enforce the plea agreement and dismissed Mr. Suarez's appeal. Mr. Suarez then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and, in response, the government moved to enforce the waiver contained in Mr. Suarez's plea

agreement. This court granted the government's motion to enforce and dismissed Mr. Suarez's motion to vacate.

This matter is now before the court on Mr. Suarez's "motion for appointment of defense counsel for due process appeal" (doc. 265). In his motion, Mr. Suarez states that he is indigent and requests the appointment of counsel to assist Mr. Suarez in pursuing his "constitutional post-conviction appeal." It is unclear from his motion whether Mr. Suarez intends to file a subsequent § 2255 motion with this court or whether he intends to file another appeal with the Tenth Circuit. Regardless, the request is denied as the "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

In the alternative, Mr. Suarez moves the court to compel the Bureau of Prisons to comply with Program Statement 1315.07, which generally affords inmates reasonable access to legal materials and counsel and a reasonable opportunity to prepare legal documents, contending that the Federal Correctional Institution in Manchester, Kentucky, where Mr. Suarez is presently confined, does not comply with this program statement. This request for relief is also denied, as the Bureau of Prisons is not a party in Mr. Suarez's underlying criminal case or in his § 2255 proceeding. *See Frazier v. Jordan*, 2007 WL 60883, at *7 (10th Cir. Jan. 10, 2007) (prisoner's claims for injunctive relief failed where motions for injunctive relief did not implicate any of the defendants in his lawsuit but alleged violations only by entities which were not parties in his suit).

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Suarez's motion for

appointment of defense counsel for due process appeal (doc. 265) is denied.

**IT IS SO ORDERED** this 31ST day of January, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge