## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

       **Plaintiff,**

**v.**                                **Case No. 03-20085-01-JWL**

**JUAN SUAREZ,**

       **Defendants.**

## MEMORANDUM AND ORDER

In February of 2004, the defendant Juan Suarez pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. The court imposed a sentence of 210 months imprisonment. Subsequently, Mr. Suarez challenged his sentence on appeal and the Tenth Circuit affirmed. This matter is presently before the court on Mr. Suarez's pro se motion (doc. #268) to compel his attorney to produce the case file in its entirety, presumably to facilitate the preparation of a § 2255 petition. The court construes Mr. Suarez's request for the "case [file] in its entirety" as a request for a copy of the plea agreement; complete transcripts of the plea hearing, the sentencing hearing and all motion hearings; and a copy of his presentence report.

As an initial matter, the court notes that it has discovered no authority, nor has Mr. Suarez provided any, permitting the court to compel an attorney to provide his or her client with the entire case file under these circumstances. Recognizing that it must construe Mr. Suarez's pro

se motion liberally, however, the court interprets Mr. Suarez's motion as requesting his case file directly from the court. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Nevertheless, for the following reasons, Mr. Suarez's motion is denied.

The court begins with Mr. Suarez's request for various transcripts. Because he was appointed counsel in this case and he previously filed a motion for copies of documents at no cost (doc. 238), the court assumes that Mr. Suarez requests that these transcripts be provided to him without payment of the applicable fees. Mr. Suarez is entitled to free copies of court transcripts, however, only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See* 28 U.S.C. § 753(f); *Negron v. Adams*, 2000 WL 1152554, at *3 (10th Cir. Aug. 15, 2000) (defendant does not have a constitutional right to a free transcript to search for error when he has not demonstrated that his claim is not frivolous). In his motion, Mr. Suarez does not reference any specific claims that he wishes to pursue; he merely makes a vague reference to "certain availabilities to him available in habeas procedure." The Tenth Circuit has expressly held, however, that "[c]onclusory allegations . . . , without more, do not satisfy the requirements of § 753(f)." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir.1993). Because defendant has not provided any allegations whatsoever to support his ambiguous assertion that he plans to file

a habeas petition, *Sistrunk* requires that this court deny his request for free transcripts.[1]

Although Mr. Suarez's request for the various other documents is not expressly governed by § 753(f), the Tenth Circuit has affirmed the denial of requests for documents for failure to meet the standard set forth in § 753(f).  *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (no automatic right to documents if seeking postconviction collateral relief; must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying *Sistrunk* to request for documents and requiring particularized showing). Thus, Mr. Suarez's request for various documents fails for the same reason his request for transcripts fails–he has not demonstrated a nonfrivolous claim.   In fact, Mr. Suarez has not demonstrated to the court any claim whatsoever. Instead, has made only a vague allegation regarding the rights available to him through a habeas procedure.

Moreover, a habeas petition must be filed to trigger the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost.  *See* 28 U.S.C. § 2250; *Lewis*, 1994 WL 563442, at * 1.  Here, Mr. Suarez requests documents in mere contemplation

---

[1]Although some courts have held that the filing of a habeas petition is a necessary prerequisite for compliance with § 753(f), the Circuit in *Sistrunk* expressly declined to decide whether to adopt that interpretation of § 753(f). 992 F.2d at 259.  Instead, the Circuit assumed, without deciding, that a defendant may properly satisfy the requirements of § 753(f) in a pre-petition motion requesting a copy of a free transcript. *See id*.  Nonetheless, the defendant's pre-petition motion in *Sistrunk* failed to satisfy § 753(f) because it contained only conclusory allegations of ineffective assistance. *See id*.  Similarly, the court here is not denying Mr. Suarez's request based on his failure to file in the first instance a habeas petition; it is denying the request because he has not made the particularized showing required by § 753(f).

of a § 2255 petition and his request is therefore denied on that basis as well.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Suarez's motion to compel (doc. 268) is denied.

**IT IS SO ORDERED.**

Dated this 9th day of August, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4